

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J.E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-1211
Re: Does the Department of Agriculture
have authority to use any portion
of the items described for the pay-
ment of salaries for positions not
otherwise provided for in the appro-
priation bill?

We are in receipt of your letter of August 2,
1939, submitting to us the following situation and
question:

"In the General Departmental Appropriation
Bill of the Forty-sixth Legislature, there is
itemized four amounts under the heading, 'Rent,
heat, lights, postage, telephone, telegraph,
printing supplies and contingent', these being
from fees collected by this department through
the administration of certain laws; and these,
of course, in addition to the General Contin-
gent Fund, which is out of the General Revenue.

"The first item is from Charter Filing Fees,
Article 5764, Revised Civil Statutes, 1925, and
the amount is $500.00, as per item 35-B of the
General Appropriation Bill. These funds are
placed direct by the department in the Treasury.

"The next is item 50a of said appropriation
bill and is derived through the enforcement of
Article 5695, Revised Civil Statutes, 1925,
Chapter 287, Regular Session of the Forty-second
Legislature, the same being fees received from
public weighers for authority to operate as such
and from persons qualifying to test milk under

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the Babcock Butterfat Law, and the amount of this contingent is $1,500.00.

"The next represents fees derived through the administration of Chapter 304, Regular Session of the Forty-fifth Legislature, the same being fees collected for germination tests and the amount is carried under item 58-I. General Appropriation Bill; the amount is $2,500.00.

"The next is funds received through the leasing of Jacks and Stallions to Caretakers according to the provisions of H.B. 12, First Called Session of the Forty-fifth Legislature and appears as item 64-c in the General Appropriation Bill, and the amount is $1,950.00.

"Please advise if the Department will have the authority to use any portions of the above items and amounts for the payment of salaries for positions not otherwise provided for in the Appropriation Bill."

Upon examination of the itemized portion of the Department of Agriculture Appropriation in Senate Bill 427, we find items 20-f, 50-a and 58-i reading as follows:

"Rent, heat, light, postage, telephone, telegraph, printing, supplies and Contingent."
(Underscoring ours)

Item 35-b reads as follows:

"Rent, heat, light, telephone, telegraph, printing supplies and Contingent."
(Underscoring ours)

Item 64-c includes the following:

"Rent, heat, light, postage, telephone, printing supplies and Contingent."
(Underscoring ours)

Item 22-k is worded as follows:

"Postage, printing, freight, telephone, telegraph and Contingent."

(Underscoring ours)

Thus we find six items under different special funds in which the words "and Contingent" are used. In only three of them is the list of purposes preceding the words "and Contingent" identical. We call attention to this fact in view of the statement in the letter of request that "there is itemized four amounts under the heading, 'Rent, heat, lights, postage, telephone, telegraph, printing supplies and Contingent, etc.'"

It is to be noted that in each of the above instances the appropriation is from special funds created under certain laws referred to in the itemized appropriation. Under the heading "Maintenance and Miscellaneous" there is an appropriation out of the General Revenue Fund of the state for:

"Furniture, fixtures, postage, printing, express, telephone, telegraph and Contingent expenses."

We especially want to call attention to the fact that there is no special inhibition in the Department of Agriculture Appropriation against the employment of additional salaried employees other than those provided for specifically.

The General Rider to Senate Bill 427 contains the following indirect authorization for the employment of additional employees out of contingent appropriations:

"ADDITIONAL EMPLOYEE'S COMPENSATION. When any additional employees, other than those for which specific salary appropriations have herein been made, are employed and are to be paid out of contingent appropriations, such employees shall not be paid a larger amount than that provided in the regular appropriated salaries for similar positions in such department or agency, and in the event there are no similar positions within such department, then such ad-

ditional employee shall not be paid a larger
amount than that provided for similar positions
in other departments or agencies. In the event
laborers, skilled laborers, and mechanics can-
not be obtained at the above mentioned salary
scale, then the head of such department may pay
for temporary employment only not exceeding the
prevailing wage scale paid in the locality where
the temporary service is to be rendered."

The words "contingent appropriations" would in-
clude contingent moneys out of special funds as well as
moneys out of the General Revenue Fund.

Opinion No. O-1332, of this Department, by the
Hon. Richard W. Fairchild, to George H. Shepherd, Comp-
troller of Public Accounts of the state of Texas is di-
rectly in point.

In this opinion it is held that:

" * * * unless the particular department is
specially prohibited from engaging any salaried
employees in addition to those provided speci-
fically by the appropriation for that depart-
ment, a department head may use his "contingent'
appropriation for the employment of additional
salaried help. The department head is not re-
quired to obtain the approval of the Limitation
of Payments Board before making such employment,
for that Board has jurisdiction only over the
expenditure of 'surpluses' in certain special
funds, and not over the expenditure of 'contin-
gent expense' appropriations. The department
head, however, will be required to number such
salaried positions created and paid out of this
contingent fund, as provided in the paragraph
on 'salary payments' in the general rider to
the general appropriation bill."

The reasoning of the above opinion is that the
Legislature used the term "contingent expense" in the
sense of general items of expense not provided for spe-
cifically, rather than incidental or unforeseen items.

Hon. J.E. McDonald, Commissioner, page 5

We wish to point out certain limitations contained in the general and special riders of the General Departmental Appropriation Bill, Senate Bill 427 of the Forty-sixth Legislature upon the expenditure of contingent funds.

In the general rider there is a limitation upon the amount of the lump sum appropriation for contingent expenses which may be expended during any three months period, said provision reading as follows:

"It is further provided that, during any three months period, no department can expend more than one-fourth of the appropriation made herein for: ... (b) contingent expenses, ... provided that any unexpended balances from previous quarters may be expended during subsequent quarters."

In addition, your attention is called to the prohibition against the use of such contingent fund to supplement the moneys provided for "traveling expenses", as follows:

"It is provided that no expenditures shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purposes."

In the third place in the special rider to the Department of Agriculture Appropriation in Senate Bill 427, the expenditure of moneys in special funds is limited expressly to the carrying out of provisions of the acts which created the special funds themselves. In other words, the moneys accruing to a special fund under a certain law can only be used for carrying out the provisions of that particular law and cannot be legally used for accomplishing the purposes of any other law.

It is our opinion that in the absence of any prohibition against the hiring of additional employees to those specifically provided for in the Department of Agriculture Appropriation under Senate Bill 427, the Department of Agriculture has the authority to use its various contingent appropriation out of special funds

created under the various acts, such as those contingent appropriations set forth at the out set of this opinion, for the employment of additional salaried help, but that contingent fund under one act may not be used for the hiring of additional salaried help to carry out the provisions of another act.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         Dick Stout
Assistant

iS:ob

Encl. (Opinion 0-1332)

APPROVED SEP 14, 1939

ATTORNEY GENERAL OF TEXAS

